1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN S. FORD,

                Plaintiff,

      v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.

Case No. C12-629-BAT

**ORDER REVERSING THE
COMMISSIONER AND
REMANDING THE CASE FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS**

13

14

15

16

17

18

     Nathan S. Ford seeks review of the denial of his Supplemental Security Income and Disability Insurance Benefits applications.  Mr. Ford contends the ALJ erroneously (1) segregated his impairments at step two, and failed to consider the impact his mental impairments had on his diabetes and (2) evaluated the medical evidence, his credibility and the testimony of his son.  Dkt. 1.  As discussed below, the Court **REVERSES** the Commissioner and **REMANDS** the case for further administrative proceedings pursuant to sentence four.

19

### BACKGROUND

20

21

22

23

     The ALJ found at steps one and two Mr. Ford last worked February 2, 2006, and that diabetes and polysubstance abuse were severe impairments.  At step three, the ALJ found these impairments did not meet the requirements of a listed impairment.  The ALJ found Mr. Ford had the residual functional capacity ("RFC") to perform light work as follows: he could lift or carry

20 pounds occasionally and 10 pounds frequently; he could stand, walk, or sit with normal

breaks about six hours in an eight-hour workday; and he could not work around machinery with

moving parts.  At step four and five the ALJ found Mr. Ford could not perform his past work,

and as there are jobs Mr. Ford can perform, he is not disabled. Tr. 8-23.  The Appeals Council

denied Mr. Ford's request for review, making the ALJ's decision is the Commissioner's final

decision.  Tr. 1-5.

**DISCUSSION**

Mr. Ford first contends the ALJ "erred in failing to consider the combined effects of all

of Mr. Ford's impairments in assessing his residual functional capacity," by "prematurely" and

improperly discounting substance abuse's effect on his functioning.  Dkt. 12 at 2-4.  The Court

agrees.

The Court may set aside the Commissioner's denial of disability benefits where the ALJ

committed legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Here, the ALJ

found polysubstance abuse was a severe impairments at step two.  Tr. 13.  As such, the ALJ was

required to conduct a specific substance abuse analysis.  20 C.F.R. §§ 404.1535, 416.935; 42

U.S.C. § 423(d)(2)(C).

In this circuit an ALJ must apply a specific procedure in analyzing substance abuse in a

disability determination.  *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001).  In

*Bustamante*, the Court of Appeals addressed "whether it is error for an ALJ to determine that a

claimant's mental impairments are 'the product and consequence of his alcohol abuse' prior to

making a determination that the claimant is disabled under the five-step inquiry."  *Id.* at 954-55.

The ALJ found Bustamante's limitations were a result of alcohol abuse, that alcohol abuse was

his primary impairment, and that it did "not reach a disabling level of severity."  *Id.* at 952.  The

ORDER REVERSING THE COMMISSIONER AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

1   Court of Appeals reversed, holding "[t]he ALJ should have proceeded with the five-step inquiry

2   without attempting to determine the impact of Bustamante's alcoholism on his other mental

3   impairments.  If, and only if, the ALJ found Bustamante was disabled under the five-step

4   inquiry, should the ALJ have evaluated whether Bustamante would still be disabled if he stopped

5   using alcohol." *Id.* at 955.  The Court of Appeals remanded, "with instructions that the ALJ

6   proceed with step three (and four and five, if necessary) of the disability determination without

7   attempting to separate out the impact of Bustamante's alcohol abuse." *Id*. at 956.  The Court of

8   Appeals directed on remand the ALJ should consider whether "alcohol is a contributing factor

9   material to" disability only if the ALJ found Bustamante disabled.  *Id.*

10        The ALJ here failed to apply the *Bustamante* two step analysis.  The ALJ found at step-

11   two polysubstance abuse was a severe impairment, a finding neither party contests.  Tr. 13.  The

12   ALJ was thus required to conduct the five-step inquiry without first determining the impact of

13   substance abuse on Mr. Ford's other impairments.  Instead of doing so, the ALJ deviated from

14   *Bustamante*'s requirements in finding at step two that depression and anxiety were not severe

15   impairments.  There was ample evidence that depression and anxiety were "severe impairments"

16   under step two.  The step-two inquiry is "a *de minimis* screening device to dispose of groundless

17   claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  The claimant bears the burden

18   to show each condition is a medically determinable impairment, and that each condition is a

19   severe impairment for at least 12 continuous months.  *Bowen v. Yuckert*, 482 U.S. 137, 146

20   (1987).  An impairment or combination of impairments can be found "not severe" only if the

21   evidence establishes a slight abnormality that has no more than a minimal effect on an

22   individual's ability to work.  *Id.*

23        Here, the ALJ found that both depression and anxiety were medically determinable

ORDER REVERSING THE COMMISSIONER AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

1  impairments.  Tr. 14.  The ALJ, however, found they were not severe impairments for two

2  reasons. First, the ALJ found:

> The claimant's medically determinable mental impairments of
> depressive disorder and anxiety disorder, **without substance
> abuse**, consider singly and in combination, do not cause more than
> minimal limitation in the claimant's ability to perform basic mental
> work activities and are therefore not severe.

6  Tr. 14 (emphasis added).  This is exactly what *Bustamante* forbids.  Rather than conducting the

7  five-step inquiry without determining the impact of substance abuse, the ALJ did the opposite

8  and began the five-step inquiry by determining the impact of substance abuse on Mr. Ford's

9  mental conditions to find they were not severe impairments, and thus not grounds for disability.

10      Second, the ALJ noted four mental health professionals opined Mr. Ford's mental health

11  conditions caused moderate to severe limitations to his functioning.  Tr. 15-16.  The ALJ rejected

12  these opinions finding that as the doctors did not know Mr. Ford continued to abuse substances,

13  "the claimant's continued substance abuse could have impacted the functioning observed by the

14  mental health evaluators."  Tr. 16.  The record does not fully support this finding.  At least two

15  medical professionals who found Mr. Ford had mental problems that limited his functioning

16  were also aware of his continuous drug abuse.

17      In her February 2009 evaluation, reviewing doctor Renee Eisenhauer, Ph.D., noted the

18  medical record showed Mr. Ford "continues to use cocaine twice a week," and that though "he

19  reports no use since 2004, . . . Pike Place Market MER notes he was actively using as of 01/08."

20  Tr. 386.  Despite Mr. Ford's continued drug use and the inconsistent reports he provided about

21  his drug use, Dr. Eisenhauer nonetheless concluded Mr. Ford "may have difficulty with detailed

22  tasks (due to variable concentration) but is able to understand and remember simple tasks

23  reliably."  *Id.*

ORDER REVERSING THE COMMISSIONER AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

1    Pike Market Medical Clinic records from August 2007 to October 2008, indicated Mr.

2    Ford was diagnosed with depression and that the Clinic was aware his cocaine use was

3    "continuous."  Tr. 299-338.  During this time frame, the clinic also administered a MMSE (Mini-

4    mental state examination).  Based on the test scores of this exam, the clinic noted Mr. Ford was

5    cognitively impaired.  Tr. 313.  Accordingly, the ALJ's finding that the medical evidence does

6    not establish Mr. Ford's depression and anxiety were "severe" for purposes of a step two

7    determination is not supported by substantial evidence.

8         In sum, although substance abuse was central to the ALJ's evaluation of Mr. Ford's

9    mental impairments, at step two, the ALJ erred by failing to apply the Commissioner's

10   regulations and the *Bustamonte* two-step analysis.  The record shows depression and anxiety

11   were severe impairments for purposes of a step two determination.  The ALJ erred by concluding

12   at step two  Mr. Ford's "depressive disorder and anxiety disorder, **without substance abuse**,"

13   were not severe impairments.  This was improper.  The ALJ should have proceeded with the

14   five-step inquiry without attempting to determine the impact of Mr. Ford's substance abuse on

15   his mental impairments.  If, and only if, the ALJ found Mr. Ford was disabled under the five-step

16   inquiry, should the ALJ have evaluated whether Mr. Ford would still be disabled without

17   substance abuse.

18        This error compels remand, not an award of benefits as Mr. Ford requests.  This is

19   because the Court cannot, in the first instance, apply the five-step disability inquiry, including

20   the two-step *Bustamante* substance abuse analysis.  That is, the Court cannot serve as the ALJ

21   and evaluate Mr. Ford's disability claim.  The determination of whether he is disabled or not is a

22   function that is reserved to the Commissioner and something the ALJ should have properly

23   performed below.

ORDER REVERSING THE COMMISSIONER AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

1    As remand is in order, the Court need not resolve, Mr. Ford's claims the ALJ erred in

2    finding his testimony not fully credible, and in assessing the opinions of Lester Pittle, M.D.,

3    Mark Micke, M.D., Marcus Nemuth, M.D., Andy Lunh-Vu, M.D., Erica Rubin, Psy.D., Renee

4    Eisenhauer, Ph.D., Alison Roberts, ARNP, and Nathan S. Ford Jr.  This is because the ALJ's

5    decision is based on a disability determination that was rendered outside the appropriate

6    disability procedures and inquiry, and each of these witnesses touched on the impact of Mr.

7    Ford's mental health.  The ALJ should have proceeded with the five-step inquiry without

8    attempting to determine the impact of Mr. Ford's substance abuse on his mental impairments.

9    That did not occur.  Hence, on remand the ALJ must reassess the opinions each of these

10   witnesses provided about the effects of Mr. Ford's mental impairments, or the effects of his

11   mental impairments in combination with his diabetes, utilizing the five-step disability inquiry,

12   including the two-step *Bustamante* substance abuse analysis.

13                                    **CONCLUSION**

14   For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is

15   **REMANDED** for further administrative proceedings pursuant to sentence four.  On remand, the

16   ALJ should the ALJ should consider diabetes, polysubstance abuse, depression and anxiety to be

17   severe impairments for purposes of step two and proceed to the remaining steps, as necessary,

18   without attempting to separate out the impact of Mr. Ford's substance abuse, consistent with the

19   regulations and Circuit case law.  Only if the ALJ determines Mr. Ford is disabled under the five

20   step inquiry should the ALJ consider whether his substance abuse is a contributing factor

21   ///

22   ///

23   ///

ORDER REVERSING THE COMMISSIONER AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

1    material to that determination.

2           DATED this 13th day of December, 2012.

3

4                                                 _____

5                                                 BRIAN A. TSUCHIDA
                                                  United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER REVERSING THE COMMISSIONER AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7